UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD EUGENE BURTON, SR.,

        Plaintiff,                     FILE NO. 5:04-CV-110

v.                                      HON. ROBERT HOLMES BELL

INGHAM COUNTY,

        Defendant.
_____/

**OPINION ADOPTING REPORT AND RECOMMENDATION**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. On November 8, 2004, Defendant filed a motion for summary judgment (docket #17). The matter was referred to the Magistrate Judge, who issue a Report and Recommendation ("R&R"), recommending that this Court grant Defendant's motion and enter judgment for Defendant (docket #27). The matter presently is before the Court on Plaintiff's objections to the R&R (docket #28). For the reasons that follow, Plaintiff's objections are rejected and the R&R is adopted in its entirety as the opinion of this court.

**I.**

This Court reviews *de novo* those portions of an R&R to which objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court may accept, reject or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

On a motion for summary judgment, a court must consider all pleadings, depositions, affidavits and admissions and draw all justifiable inferences in favor of the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The

court, however, "'need not accept as true legal conclusions or unwarranted factual inferences.'" *Michigan Paytel Joint Venture v. City of Detroit*, 287 F.3d 527, 533 (6th Cir. 2002) (quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). The party moving for summary judgment has the burden of pointing the court to the absence of evidence in support of some essential element of the opponent's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). Once the moving party has made such a showing, the burden is on the nonmoving party to demonstrate the existence of a genuine issue for trial. *Id.* Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Community Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005).

     In order to prove that a triable issue exists, the nonmoving party must do more than rely upon allegations, but must come forward with specific facts in support of his or her claim. *Celotex*, 477 U.S. at 322; *Mulhall v. Ashcroft*, 287 F.3d 543, 550 (6th Cir. 2002). A party opposing a motion for summary judgment "may not merely recite the incantation, 'credibility,' and have a trial in the hope that a jury may believe factually uncontested proof." *Fogery v. MGM Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). After reviewing the whole record, the court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Booker v. Brown & Williamson Tobacco Co., Inc.*, 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). "'[D]iscredited testimony is not [normally] considered a sufficient basis'" for defeating the motion. *Anderson*, 477 U.S. at 256-57 (quoting *Bose Corp. v. Consumers Union of*

*United States, Inc.*, 466 U.S. 485, 512 (1984)). In addition, where the factual context makes a party's claim implausible, that party must come forward with more persuasive evidence demonstrating a genuine issue for trial. *Celotex*, 477 U.S. at 323-24; *Matsushita*, 475 U.S. at 586-87; *Street*, 886 F.2d at 1480. "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Daniels v. Woodside*, 396 F.3d 730, 734 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252).

**II.**

Plaintiff's claims arise from the medical care he received between May 31, 2004 and September 7, 2004, when he was housed at the Ingham County Jail[1] as a pretrial detainee. Plaintiff alleges that Defendant was deliberately indifferent to his serious medical needs, in violation of his Fourteenth Amendment rights. The Magistrate Judge fully summarized Plaintiff's medical history taken from the extensive exhibits to Defendant's brief filed in support of its motion for summary judgment. The Court hereby adopts the Magistrate Judge's proposed findings of fact without reiterating them in this opinion.

In the majority of his objections, Plaintiff argues that the Magistrate Judge erred in accepting as true the facts submitted by Defendant. According to Plaintiff, in his response to the Defendant's motion, he strenuously disputed Defendant's version of the facts and argued that the medical records submitted by Defendant were either altered or manufactured. Plaintiff contends that, because he has not yet had a trial, the Magistrate Judge improperly engaged in a credibility determination by relying upon the evidence submitted by Defendant deciding the motion.

---

[1] Plaintiff filed the instant action against the Ingham County Jail. As the Magistrate Judge stated, the jail is a building, not a cognizable legal defendant. The proper municipal entity being sued is Ingham County, and the Court will construe the complaint as one filed against the County.

The Court rejects Plaintiff's objections to the facts as recited by the Magistrate Judge. As the Court previously has discussed, on a motion for summary judgment under FED. R. CIV. P. 56, once the moving party has pointed to the absence of evidence, the nonmoving party must come forward with actual facts from which a jury could find for that party. *Celotex*, 477 U.S. at 323. Although Plaintiff is responsible for complying with the federal rules without specific direction, the Magistrate Judge expressly notified Plaintiff of his obligation and "opportunity to submit affidavits, documents or other materials in opposition to the motion . . . ." (Order Regarding Response to Summary Judgment Motion, Docket #18.) Notwithstanding that order and the obligations imposed by FED. R. CIV. P. 56(c) and W.D. MICH. LCIVR 7.2(C), Plaintiff filed nothing more than a nine-page brief containing unverified assertions and arguments. He therefore has failed entirely to meet his burden in response to a motion for summary judgment.

Plaintiff, however, next argues that his legal papers were lost during a move to a different place of confinement. He suggests that, because the Court failed to grant Plaintiff's request for free copies of his entire court file, it should be prohibited from holding him to his obligation to respond more fully to the motion for summary judgment.[2]

However, even had the Court granted Plaintiff's motion for a free copy of his entire court file, nothing in that file would assist Plaintiff in defeating the motion for summary judgment. Plaintiff filed his response to the motion for summary judgment five months before he advised the Court that his legal papers had been lost. He therefore appears to have possessed his records at the crucial time

---

[2]On May 13, 2005, Plaintiff filed a motion asking this Court to order copies made of his entire court file at expense of the government (docket #25). The motion was not decided before entry of the Magistrate Judge's R&R. In light of this Court's determination that copies of the court file will not assist Plaintiff to demonstrate a genuine issue of material fact, the motion will be denied as moot.

for responding to the motion. Further, in addressing Defendant's motion for summary judgment, the Magistrate Judge expressly considered all documentary evidence previously submitted by Plaintiff, none of which was relevant to the questions at hand. Moreover, even if he lacked documentary support, Plaintiff could have filed an affidavit in support of his factual allegations. This he completely failed to do.

In sum, Plaintiff has failed to demonstrate any factual dispute with the facts as recited by the Magistrate Judge.

### III.

Plaintiff next argues that the Magistrate Judge improperly treated him as a prisoner incarcerated after conviction rather than a pretrial detainee. Plaintiff asserts that the Eighth Amendment does not provide the applicable standard for determining whether he stated a constitutional claim for denial of medical treatment. The Magistrate Judge correctly recognized that pretrial detainees held in jail are protected under the Due Process Clause of the Fourteenth Amendment, which provides that "a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). However, as the Magistrate Judge noted, the Eighth Amendment protections against cruel and unusual punishment are considered to be coterminous with the protections of the Fourteenth Amendment Due Process Clause. *See, e.g., Estate of Carter v. City of Detroit*, 408 F.3d 305, 311 (6th Cir. 2005); *Watkins v. City of Battle Creek*, 273 F.3d 682, 685-86 (6th Cir. 2001); *Thompson v. County of Medina*, 29 F.3d 238, 241 (6th Cir. 1995); *Barber v. City of Salem*, 953 F.2d 232, 235 (6th Cir. 1992); *Roberts v. City*

*of Troy*, 773 F.2d 720, 723 (6th Cir. 1985)). Thus, the Court is guided by Eighth Amendment principles in considering Plaintiff's claim.[3]

## IV.

In his final challenge to the R&R, Plaintiff objects to the Magistrate Judge's conclusion that, even if Plaintiff had introduced evidence that some individual officer or officers were deliberately indifferent to Plaintiff's serious medical needs, Plaintiff nevertheless fails to state a claim against Ingham County, the only Defendant named in the instant action. A local governmental unit may not be sued in an action under § 1983 for an injury inflicted solely by its employees or agents. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *see also Collins v. City of Harker Heights*, 503 U.S. 117, 121 (1992). County liability may not be based solely on the fact that it employed a tortfeasor or tortfeasors, *i.e.*, under a theory of *respondeat superior*. *Monell*, 436 U.S. at 691; *Collins*, 503 U.S. at 122; *Street*, 102 F.3d at 818. Instead, in order to establish the liability of a municipality or a county, a plaintiff must show that employees acted pursuant to an official policy or custom. *Collins*, 503 U.S. at 121; *Monell*, 436 U.S. at 694. Such a showing requires the

---

[3]The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment, like the Fourteenth Amendment, is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

plaintiff to "'identify the policy, connect the policy to the [County] itself and show that the particular injury was incurred because of the execution of that policy.'" *Graham v. County of Washtenaw*, 358 F.3d 377, 383 (6th Cir. 2004) (quoting *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1994)). There must be "a direct causal link" between the policy and the alleged constitutional violation such that the County's "deliberate conduct" can be deemed the "moving force" behind the violation. *Waters v. City of Morristown*, 242 F.3d 353, 362 (6th Cir. 2001) (citing *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997)).

Here, Plaintiff fails even to allege that the County had a policy or custom, much less to introduce evidence that such policy existed and was causally connected to his injuries. Plaintiff merely argues that he was deprived of necessary medical care at various times during his confinement. At best, such allegations suggest vicarious liability on the part of the County – allegations insufficient to impose liability. The Magistrate Judge's determination therefore was patently correct.

## V.

Having addressed each of Plaintiff's objections and finding no error, the Court hereby denies Plaintiff's objections and adopts the Report and Recommendation of the Magistrate Judge as the opinion of the Court. Accordingly, the Court will grant Defendant's motion for summary judgment and enter judgment for Defendant. An order and judgment consistent with this opinion shall be entered.

Date:    September 14, 2005            /s/ Robert Holmes Bell
                                                        ROBERT HOLMES BELL
                                                        CHIEF UNITED STATES DISTRICT JUDGE